IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
- BROWNSVILLE DIVISION -

United States District Court
Southern District of Texas
ENTERED
MAR 23 1999
Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| OSCAR CAMACHO-MARROQUIN | § | |
|    Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-99-006 |
| | § | |
| IMMIGRATION AND NATURALIZATION SERVICE, | § | |
|    Respondent. | § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Oscar Camacho Marroquin ("Camacho") who is in the custody of the Immigration and Naturalization Service ("INS") has filed a petition for habeas corpus (Docket No. 1) claiming that he is entitled to release on bond. The INS has filed a Motion for Summary Judgment (Docket No. 6) which for the reasons set forth below should be granted.

### FACTS

Camacho entered this country illegally. Apparently he has been living in Houston, Texas for a number of years. On March 28, 1998, he was convicted for felony DWI in Harris County, Texas.(Docket No. 6-Exhibit 2). He was sentenced to five years probation.

On April, 1998, the INS entered a removal order. (Docket No. 6-Exhibit 6) Camacho has petitioned the Fifth Circuit for review (Docket No. 1-Exhibit D) He is currently in custody of the INS in Port Isabel, Texas.

### RECOMMENDATION

The only issue here is whether Camacho should be released on bond while his case is pending before the Fifth Circuit.

This court does not have jurisdiction. Camacho is in custody pursuant to 8 U.S.C. § 1226. A provision of that statute, 8 U.S.C. § 1226(e), states that the Attorney General's discretion in applying 8 U.S.C. § 1226 is not subject to judicial review.

The Supreme Court has indicated in a recent opinion *Reno v. American-Arab Anti-Discrimination Committee*, ----US---- 119 S.Ct. 936 (1999) discussing 8 U.S.C. § 1252(g), a statute containing analogous "no judicial review" language supports the proposition that in many areas dealing with deportation and exclusion the Executive Branch's discretion is not subject to judicial review. Camacho's claim that he should be released on bond implicates just such an area.

IT IS THEREFORE **RECOMMENDED** that the government's Motion for Summary Judgment be granted and Oscar Camacho Marroquin's habeas petition be **DISMISSED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 23rd day of March 1999.

John Wm. Black
United States Magistrate Judge

2